NR:VTN
F. #2018R02125

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MICHAEL CONWAY,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR AN ARREST WARRANT

(18 U.S.C. § 1343)

Case No. 19-753-M

EASTERN DISTRICT OF NEW YORK, SS:

        Nicholas Yannazzo, being duly sworn, deposes and states that he is a Special Agent with the Social Security Administration, Office of Inspector General, duly appointed according to law and acting as such.

        In or about and between August 2009 to September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL CONWAY did knowingly and intentionally devise a scheme and artifice to defraud the Social Security Administration to obtain money and property from the Social Security Administration, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds.

        (Title 18, United States Code, Section 1343)

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the Social Security Administration ("SSA"), Office of Inspector General, and have been involved in the investigation of numerous cases involving wire fraud, bank fraud and theft of government funds. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

2. Retirement, Survivors and Disability Insurance ("RSDI") is a benefit program administered by the SSA. Individuals employed in the United States regularly have a part of their wages withheld and paid to the SSA. These withheld wages represent "credits" earned by these individuals toward RSDI benefits. RSDI benefit payments, which are typically made monthly, depend on how much a person earned during his/her period(s) of employment. RSDI benefit payments are made by the United States Department of the Treasury on behalf of the SSA, either by a physical check or direct deposit into a bank account designated by the beneficiary. Payments from the Department of Treasury made by direct deposit, and referred to as ACH payments, originate in Kansas City, Missouri. The payments are made in the name of the intended beneficiary. Eligible family members of beneficiaries may also receive RSDI benefits. The categories of family members eligible to receive such benefits are: (1) spouses over the age of 62, (2) children under the age of 18, (3)

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

disabled children and (4) widows/widowers. Benefits that are paid to such family members are called "auxiliary benefits."

3. I have examined the records of RSDI benefit payments made by the Department of Treasury on behalf of the SSA for the defendant MICHAEL CONWAY, who has resided in Queens, New York since on or before May 1998. The records show that the defendant applied for RSDI benefits on or about January 22, 2007, due to a work-related injury he suffered while he was employed with the New York City Police Department. Subsequent to that application, the SSA determined that the defendant was eligible to receive RSDI benefits and the defendant began receiving RSDI benefits in or about May 2009.

4. In or about May 2009, the SSA also authorized the Department of Treasury to pay the defendant MICHAEL CONWAY RSDI benefits in the amount of $50,370.00. This amount represented RSDI benefits due to the defendant for the period from in or about and between April 2007, the date of his injury, and April 2009, when SSA approved his RSDI benefits application.

5. On or about August 10, 2009, the defendant MICHAEL CONWAY submitted an application for auxiliary benefits (the "Auxiliary Benefits Application") on behalf of his twin children, John Doe and Jane Doe (the "Children"), who were, at the time, eight years old. As part of the Auxiliary Benefits Application, the defendant requested that he be named as the representative payee for the Children on a signed form, dated May 20, 2009. A "representative payee" is a person or organization appointed by the SSA to receive benefits for anyone who is not able to manage his or her own benefits, such as minor children. In the Auxiliary Benefits Application, the defendant stated that the Children resided with him in Queens, New York. When asked to list the names and relationships of

any other relatives who have provided support for the Children, the defendant indicated that there was no such applicable relative.

6. The Auxiliary Benefits Application was approved and the SSA appointed the defendant MICHAEL CONWAY as the representative payee for the Children. The SSA determined that the Children were entitled to receive benefits as of April 2007. Accordingly, in August 2009, the SSA paid the defendant, as representative payee, approximately $15,664.00 for each of the Children for past due auxiliary benefits. Thereafter, from August 2009 through August 2018, the defendant received between approximately $586.00 and $652.00 per month for each of the Children. Those monthly payments were made to the defendant's Citibank bank account by direct deposit from the United States Department of the Treasury. ACH payments made to Citibank customers are received in New York, New York.

7. As the Children's representative payee, the defendant MICHAEL CONWAY submitted an annual certification for each year, for the periods between September 1, 2009 through August 31, 2017, affirming that he had received the full benefits intended for each of the Children, that he had spent the full amount of benefits received for the "care and support" of the Children and that they had lived with him at his residence in Queens, New York.

8. On or about September 12, 2018, the mother of the Children (the "Mother") went to her local SSA office in Newburgh, New York with John Doe, who is legally blind and was about to turn 18. The Mother and John Doe believed that John Doe would be eligible to receive benefits from the SSA under its Supplemental Security Income ("SSI") program, which pays benefits to disabled adults and children who have limited

income and resources. During their visit to the SSA office, they were informed that the SSA had been paying benefits for John Doe, as well as Jane Doe, since 2007.

9. Based on my review of SSA records and Citibank records, I have determined that all the SSA benefits intended for the Children that were paid before September 12, 2018, were paid to the defendant MICHAEL CONWAY.

10. I have been informed by the Mother that she and the Children were unaware that auxiliary benefits intended for the Children were being paid to the defendant MICHAEL CONWAY.

11. Additionally, the Mother informed me that from the time they were born in 2000, the Children have always resided with the Mother and that she was awarded custody of the children on or about December 10, 2002. The Children have never lived in Queens, New York and have never lived with the defendant MICHAEL CONWAY, although they did have weekend visitation with the defendant every other weekend. This information has been corroborated by interviews with family members and the Children's school records.

12. Based on the foregoing, the defendant MICHAEL CONWAY was not entitled to receive auxiliary benefits on behalf of the Children from the SSA, and the defendant obtained a total of approximately $138,016.60 in auxiliary benefits from the SSA by making fraudulent statements to the SSA.

13. I request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of

6

the contents of this affidavit and related documents could seriously jeopardize the investigation by giving the defendant an opportunity to flee from prosecution or destroy evidence or continue to tamper with witnesses.

WHEREFORE, your deponent respectfully requests that the defendant MICHAEL CONWAY be dealt with according to law.

Nicholas Yannazzo
Special Agent, Social Security Administration,
Office of Inspector General

Sworn to before me this
22nd day of August, 2019

s/Pollak
THE HONORABLE
UNITED STATES
EASTERN DISTRICT